## J. L. Jones *v.* Adams, State Revenue Agent.

[61 South. 420]

1. TAXATION. *Property subject. Turpentine lease. Personal property. Code 1906, sections 4264-4270. Real property.*

   Where a party purchased a turpentine lease, with the right to enter upon the land and extract crude products from pine trees and engaged in manufacturing turpentine and rosin, such lease was personal property and taxable as such, and it was the duty of such party under the requirements of section 4264, Code 1906, in making out and delivering to the assessor a true list of all his taxable personal property, to have included this turpentine lease under the heading provided in the form of the list prescribed by section 4270, Code 1906, "amount of all other personal property, not otherwise mentioned."

2. Same.

> Such turpentine leases cannot be assessed on the land roll, and be taxed as such an interest in land as amounts to "real property."

Appeal from the circuit court of Harrison county.

Hon. Geo. S. Dodds, Special Judge.

Suit by Wirt Adams, state revenue agent, against J. L. Jones.

From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Ford, White & Ford, W. J. Gex* and *R. W. Stoutz,* for appellant.

But it may be contended that the tax is levied against the money spent while the leases bought furnished the criterion of value. This will not do. The tax is either against the lease or it is not. The lease is not taxable. *Hancock Co.* v. *Imperial N. S. Co.,* 93 Miss. 822, 47 So. 177; *Ashe Carson Co.* v. *State,* 138 Ala. 108, 35 So. 38; 37 Cyc. 780.

A turpentine lease is a mere easement which is not separately taxable. 37 Cyc. 780; *Clove Spring Iron Co.* v. *Cor.,* 56 Vt. 603.

The decision by this court in the Hancock county case, holding a turpentine lease to be not separately taxable, was attacked by counsel for the revenue agent at the trial below as being, if not actually unsound, at least distinguishable from the cases at bar upon the idea that the Hancock county case should be limited to a determination that the turpentine lease is not taxable as realty, while the revenue agent was contending that it should be taxable as personalty. Unless we ignore the logic and reasoning upon which the opinion in the Hancock county case is based, this attempted distinction is not sound. The decision itself is eminently sound, was made after considerable delay and study, and is in exact harmony with an identical decision by the supreme court of Alabama,

based on substantially identical legislation. The decision is likewise applicable to these cases. We, therefore, submit that, if the distinction now attempted to be made had been drawn to the attention of this court when the Hancock county case was before it for decision, the distinction would have been held unsound, because the proposition before the court was not the decision of a question finely drawn and presented for the delectation of counsel, but it was the actual question involving property rights and state revenues as to whether such leases were taxable. If the leases had been taxable, the mere label sought to be given them on the tax rolls, whether they should be labeled realty or personalty, would have been held immaterial. If the leases had been properly taxable, and the assessment written upon the roll of real estate, the abstract fact that they are not real estate, but are to be classed as personalty, would have cut no figure, because a proper assessment is always sustained, regardless of the immaterial circumstance that it is written upon the wrong roll.

In argument below counsel for the revenue agent contended and cited authority to show that in some states coal, iron and other minerals sold by one who retains the soil is separately assessable. We concede that, because the legislatures of many states expressly authorize it, and the sale of minerals is uniformly conceded to be an interest in the land as distinguishable from a mere easement, and all such interests are separately assessable. The legislature of Alabama provides for the separate assessment of all interests in lands, and the supreme court of Alabama holds that the minerals are properly assessable to the owner of the soil. And the same Alabama supreme court holds in the Ashe-Carson case, above cited, that a turpentine lease is not an interest in land, but is a mere easement which is not separately assessable, upon the theory that the entire interest is properly assessable to the landlord who granted that easement.

*Harris & Potter* and *S. W. Davis,* for appellee.

Counsel say that leases are not taxable, but they refer again to the case of *Hancock County* v. *Naval Stores Company,* 93 Miss,. *supra,* and *Ashe Carson Co.* v. *State,* 138 Ala. 108, and 37 Cyc. 780. These authorities are all to the point which we heretofore discussed, that is, they hold that turpentine leases are not taxable as land, or as an interest in the land, and we concede that that matter has been set at rest by the *Hancock County case, supra,* but there is no attempt here to assess the leases as real estate, or to assess the leases at all except in one case, but to reach money employed in the turpentine business.

Counsel insists that because the leases are owned by nonresident corporations the taxes sought to be assessed in these cases on the money employed in the business in Mississippi is not taxable, and cite as authority the case of *Adams* v. *Mortgage Co.,* 82 Miss 263. The only point decided in that case was that the solvent credits or money sought to be taxed in that case in Mississippi could not be taxed because the owners of the same were not doing business in the state of Mississippi and did not have an agent in the state of Mississippi, or place of business in the state of Mississippi, but that the whole transaction took place outside of the state of Mississippi, and, therefore, the property could not be reached. It is only necessary for the court to read the syllabus of that case to see what point was decided.

In that case, however, the court expressly reaffirmed the case of *Jahier* v. *Rascoe* 62 Miss. 699, and the case of *State* v. *Smith,* 68 Miss. 79.

In *Jahier* v. *Rascoe,* 62 Miss. 699, the court said: "But where the owner himself so deals with his estate as to incorporate it with the mass of property of the estate, then, though in the transmutations which it undergoes it is sometimes converted into choses in action and sometimes into tangible personalty or realty, it continues at all times 'situated in the State' within the meaning of our

statute. . . . Our view is, that whether personal property is situated in this state or not is to be determined by reference to the intent of the owner, which intent is to be discovered by all the surrounding circumstances; that the statute does not, in other cases than those in which the owner has so dealt with the property as to locate it here, abrogate the rule that choses in action have their situs at the domicile of the owner; but that wherever it appears that the debt arose as an incident to a business conducted in this state, whether that business be that of lending money, buying and selling property, or in any other manner, it is situated in this state and is governed by our laws.''

In the case of *Adams* v. *Mortgage Co.*, 82 Miss. 397, this court said that it was the purpose of the legislature, in bringing forward the section above referred to, to perpetuate the construction given thereto in the Johnson case and in the Smith case.

We deem it unnecessary to prolong this discussion. A most casual examination of our revenue statutes makes it clear that it is the purpose of the legislature to subject all property to its just burden of taxation, except such as is specifically exempted.

Argued orally by *W. J. Gex* and *R. W. Stoutz*, for appellant, and *J. B. Harris*, for appellee.

Reed, J., delivered the opinion of the court.

In accordance with the statute (section 4740, Code of 1906), and following the notice given by the state revenue agent, the assessor of Harrison county assessed to appellant for back taxes a turpentine lease as personal property.

The agreed statement of facts shows that appellant, J. L. Jones, is a citizen of Harrison county, Miss., and was so on January 25, 1907, when he acquired by purchase the turpentine lease described in the notice of assessment

herein; that he was then, and has been since, engaged in the business of manufacturing rosin and turpentine in that county, having a still therein for the purpose; that the land described in the lease was assessed to the owner of the fee, who paid the taxes thereon; that the turpentine lease was not separately assessed to anyone; and that Mr. Jones has paid no taxes on the money invested in the lease. From the judgment of the circuit court, directing the assessment for back taxes to Mr. Jones of the turpentine lease as personal property, the appeal now before us was taken.

The question before us is whether such turpentine lease is personal property, subject to taxation. It is understood that the lease gives the right and privilege to enter upon land for a term and extract gum or crude products from the pine trees, which is afterwards manufactured into what is known as naval stores. We refer to our opinion this day rendered in the case of *Harrison Naval Stores Co.* v. *Wirt Adams, State Revenue Agent,* 61 South. 417, in which we discuss such leases, and decide that, where a person is assessed for money invested or employed in the turpentine business, the leases as set out in the assessment are evidence of the amounts so employed. It will be noted that in the case of *Hancock County* v. *Imperial Naval Stores Co.,* 93 Miss. 822, 47 South. 177, 17 L. R. A. (N. S.) 693, 136 Am. St. Rep. 561, WHITFIELD, C. J., in delivering the opinion of the court, wherein it is held that turpentine leases are not assessable as real estate, said: ''Confining ourselves strictly to the precise point presented for adjudication by this record, which is, merely and simply, whether this instrument passes any interest in the land as land, and therefore assessable as land, we say that it does not.'' It will be seen that the turpentine leases cannot be assessed on the land roll, and be taxed as such an interest in land as amounts to real property. Now, is it not property? It is subject to ownership, it has a value, and it may be bought and

sold. It seems clear to us that it is property. From its very nature it is personal property. The lease, or right, or privilege, which is owned by appellant, being personal property, is subject to be taxed as such in Harrison county, and therefore should have been assessed on the personal roll of that county.

We believe that it was appellant's duty, under the requirements of section 4264 of the Code of 1906, in making out and delivering to the assessor a true list of all his taxable personal property, to have included this turpentine lease under the heading provided in the.form of the list prescribed in section 4270. Code of 1906, "Amount of All Other Personal Property Not Otherwise Mentioned." There is no provision in the law to relieve turpentine leases from taxation by way of exemption. It is certainly the purpose of the state to require of all property its proper proportion of taxes in the plan to provide revenue for the expense of the government. As the turpentine lease is property with a value, which has not been heretofore assessed to appellant, or any other person, it was not error in the circuit court to decide that it should be assessed to appellant for back taxes.

*Affirmed.*