## J. H. NEWTON *v.* J. H. LONG.

### [65 South. 460.]

LANDLORD AND TENANT. *Leases. Turpentine leases. Nature of property. Actions. Evidence.*

A license or lease to go upon land and extract rosin or turpentine from standing trees is not any interest in the land as land but such a lease is personal property and a conveyance of the same need not be in writing.

APPEAL from the chancery court of Hancock county.
HON. T. A. WOOD, Chancellor.

Suit by J. H. Long, against J. H. Newton. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*McDonald & Marshall,* for appellant.

The estate embraced in the lease from Hode to Leatherbury, which passed on down to the Standard Naval Stores Company, is not in existence and was absorbed before the execution of the lease of Hode to Newton, appellant, authorizing him to back-box or cup the timber on said land. Pine timber is round before it has been boxed or worked for turpentine. When boxed, according to the custom of the business, all of the trees that are suitable for boxing are then boxed and after the working for three years—if the lease is for three years—there is no such thing, under the custom of the business as going back and cutting other boxes or hanging cups on the other side. A few years after timber has been boxed for turpentine, cups and boxes can be put on the opposite side of the timber that has formerly been boxed. This is an estate or an interest that belongs to the owner of the timber and which would not have passed under the original lease. A lease of round timber when he

works it under a lease for the length of time author-
ized, has no right—nor does he attempt to do so under
the custom of the business—to return to the land and
attempt to back-box or back-cup it, or to box or cup round
timber overlooked on the original working. It is ad-
mitted that John C. Orrell entered on the lands in con-
troversy in February, 1903, and boxed and worked for
turpentine, the pine timber thereof for three years after,
being the years 1903, 1904, and 1905. The contention is
therefore, that whether he had a right so to do or
whether he was a trespasser he absolutely absorbed, con-
sumed and put out of existence the property rights which
had been conveyed to the Standard Naval Stores Com-
pany and Levi Anderson, which was to work this timber,
being round timber, for three years. After a few years,
when working round timber ceases, a few boxes and
many cups can be placed on the opposite side of the tree
which is in a state for "back-boxing" and which is a right
that does not exist in the lessee of round timber but it
is what remains after he has exercised his rights. For
the above reasons we submit that the decree of the chan-
cellor was erroneous and should be reversed.

*W. J. Gex,* for appellee.

In the case of *Hancock County* v. *Imperial Naval
Stores Co.,* 93 Miss. 822, this court held that a turpentine
lease was not an interest in land. After stating the facts
of the case, which was based upon a turpentine lease
practically identical with the one at issue, and dealing
with the proposition as to whether a turpentine lease
was an interest in land, this court, through Chief Justice
Whitfield, said: "We conclude, therefore, that what-
ever this instrument may be called technically, whether
a lease or a license, undoubtedly what it grants is not
any interest in the land as land, but a mere irrevocable
right, during the life of the contract, to enter upon the
land and take from the pine trees the crude resin or
turpentine."

This would seem then to dispose of the first contention raised by the appellant.

REED, J., delivered the opinion of the court.

Appellee obtained a decree against appellant for eighty-seven dollars and eighty-seven cents, the value of turpentine taken by appellant from trees included in a lease held by appellee.

Appellant contends that appellee had no right to recover, because the lease in question was not owned by him; it having been included in a sale of leases by a former owner to the Standard Naval Stores Company, a corporation, evidenced by an instrument of writing duly executed and recorded, and it never having been conveyed in writing by that company. It is in testimony that the former owner, Levi Anderson, did not intend to convey the lease to the Standard Naval Stores Company; that it was never paid for, nor claimed, nor worked by the company; and that it was included in the deed by a mistake.

It has been held in the case of *Hancock County* v. *Imperial Naval Stores Co.,* 93 Miss. 822, 47 So. 177, 17 L. R. A. (N. S.) 693, 136 Am. St. Rep. 136, that a license or lease to go upon land and extract resin or turpentine from standing trees is not any interest in the land as land, and that the instrument granting the right does not pass such interest. In *Jones* v. *Adams,* 61 So. 420, it was held that a turpentine lease is personal property.

As the lease in this case is personal property, it was not necessary for it to have been reconveyed to Mr. Anderson by the Naval Stores Company in writing. In the instrument of writing purporting to transfer the lease in question the value of the lease is shown to be less than fifty dollars in amount; for the lease and two other leases are together listed at a total valuation of fifty dollars.

The refusal and failure by the Standard Naval Stores Company to pay for, claim, work, or in any way use the

lease, or assert any right thereto, manifested its purpose not to recognize any ownership through the conveyance, nor any title which might be vested thereby, and further shows its purpose to release and return to Mr. Anderson any interest which may have passed to the company by the conveyance. The decision by the chancellor that the inclusion of the lease in the written transfer by Mr. Anderson to the Standard Naval Stores Company was a mistake, and that no title thereto passed, is sustained by evidence.

There is sufficient evidence to warrant the chancellor's holding that appellant had no right to "cup" or "backbox" the trees by reason of the lease made to him subsequent to the original lease which passed to appellee.

*Affirmed.*